UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL McGRUE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SHULTZLER, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-01644-OWW-SMS PC<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM, WITH LEAVE TO FILE THIRD AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 9) |

I.   Screening Order

　　A.   Screening Requirement

Plaintiff Darryl McGrue ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 14, 2006. Pursuant to the court's order of March 29, 2007, plaintiff filed a signed second amended complaint on April 16, 2007.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467

U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B.   Plaintiff's Claims

Plaintiff is an inmate housed at California State Prison-Corcoran, where the events at issue in this action occurred. Plaintiff names Warden Darrel Adams, Doctors Schultzer, Reynolds, and Wilson, Psych Technicians Coleman and Pratt, Correctional Officer England, and Benton as defendants. Plaintiff is seeking money damages and injunctive relief.

Plaintiff alleges that he has Type 2 Diabetes and was not provided with regular shoes. Plaintiff alleges that as a result of wearing only shower shoes, his big toe became infected from a cut and was ultimately amputated after it developed gangrene. Plaintiff alleges an Eighth Amendment deliberate indifference claim against defendants arising from their failure to provide him with regular shoes. Plaintiff also alleges that his inmate appeals were confiscated and destroyed.

#### 1.   Medical Care Claim

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted.) "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v.

Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of [§] 1983, if [that person] does an affirmative act, participates in another's affirmative acts or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 466 F.3d 676, 689 (9th Cir. 2006) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In order to proceed under section 1983 against prison officials for acting with deliberate indifference in violation of the Eighth Amendment, plaintiff's factual allegations must be sufficient to support a claim that each of the named defendants "[knew] of and disregard[ed] an excessive risk

to [plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Assuming that the failure to provide plaintiff with adequate footwear constituted an objectively serious risk to plaintiff's health, plaintiff has not alleged sufficient facts to support a claim that each of the named defendants acted with deliberate indifference in failing to provide plaintiff with footwear.

### 2. Inmate Appeals Process

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495.

Plaintiff's allegations concerning the disappearance of his inmate appeals do not give rise to a claim for relief under section 1983. Plaintiff has not alleged any facts which demonstrate a violation of his federal rights arising from the disappearance of his appeals.

### 3. Claim Against Defendant Adams

Under section 1983, liability may not be imposed on supervisory personnel such as the warden for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or

"implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff has not alleged any facts indicating that defendant Adams personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Therefore, plaintiff fails to state a claim for relief under section 1983 against defendant Adams.

### 4.     State Law Tort Claims

In his second amended complaint, plaintiff alleges that defendants were negligent. Negligence is insufficient to give rise to a claim for relief under section 1983 for violation of the Eighth Amendment. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). To the extent that plaintiff intends to pursue supplemental claims for relief in this action arising from the violation of California tort law, plaintiff is advised that California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff does not allege that he complied with the Tort Claims Act in his complaint and therefore may not pursue any state law tort claims in this action.

///

In the event that plaintiff is able to cure this deficiency, he is further advised that "[t]o establish negligence, a party must prove the following: (a) a *legal duty* to use due care; (b) a breach of such legal duty; (c) the breach as the *proximate* or *legal cause* of the resulting injury." Hair v. State, 2 Cal. Rptr. 2nd 871, 875 (Cal. Ct. App. 1991) (citations omitted).

### 5. Claim for Equitable Relief

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Id. (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury.'" Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667). When a government agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S. 362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128. "[A]ny injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of proceeding.'" Id. at 1128 (quoting O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679 (1974)).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A)

To the extent that plaintiff will be able to amend his complaint and state a cognizable claim for relief based on the failure to issue him shoes, there will be an actual case or controversy before this court with respect to a claim for money damages arising out of defendants' alleged past act of failing to provide adequate footwear. However, equitable remedies are "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again - a 'likelihood of substantial and immediate irreparable injury.'" Lyons at 111, 1670 (quoting O'Shea, 414 U.S. at 502, 94 S.Ct. at 679). In this instance, it is the past conduct of defendants which gives rise to plaintiff's claim for relief, and should plaintiff prevail, plaintiff's injury will not go unrecompensed because plaintiff has an adequate remedy at law. Id. Plaintiff is not entitled to equitable relief in this action for defendants' past conduct. Therefore, plaintiff's claims for equitable relief are not cognizable and this action should proceed as one for money damages only.

### C. Conclusion

The court finds that plaintiff's second amended complaint does not state a claim upon which relief may be granted under section 1983. The court will provide plaintiff with the opportunity to file a third amended complaint curing the deficiencies identified by the court in this order.

Plaintiff is informed he must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. ///

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's second amended complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file a third amended complaint; and
4. If plaintiff fails to file a third amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

**Dated:   April 26, 2007**                     **/s/ Sandra M. Snyder**
                                                UNITED STATES MAGISTRATE JUDGE