# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL McGRUE,<br><br>        Plaintiff,<br><br>   v.<br><br>SHULTZLER, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:06-cv-01644-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER FILE FOURTH AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY AGAINST DEFENDANT BENTON<br><br>(Doc. 11) |

I.    Screening Order

      A.    Screening Requirement

      Plaintiff Darryl McGrue ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original complaint in this action on November 14, 2006, and filed an unsigned amended complaint on December 14, 2006. Pursuant to the court's order of March 29, 2007, plaintiff filed a signed second amended complaint on April 16, 2007, and on April 26, 2007, the court dismissed plaintiff's second amended complaint for failure to state any claims upon which relief may be granted. Plaintiff filed a third amended complaint on May 17, 2007.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

B.    Plaintiff's Claims

The events at issue in this action allegedly occurred at California State Prison-Corcoran, where plaintiff was housed at the time. Plaintiff names Group Rehab Therapist Benton and Correctional Officers England and Mendez as defendants. Plaintiff is seeking money damages. The claim in this action arises from the alleged failure to provide plaintiff with shoes, which led to injury.

///

///

2

1.      Claim Against Defendant Benton

Plaintiff alleges that defendant Benton is in charge of giving out shoes. Plaintiff alleges that he told Benon his shoes had been confiscated so he had only shower shoes to wear, and that he had diabetes and needed shoes to wear. Plaintiff alleges that defendant Benton refused to give him any shoes and as a result, his feet got infected and his toe had to be amputated.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff's allegations are sufficient to state a claim for relief under section 1983 against defendant Benton for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

2.      Claim Against Defendants England and Mendez

Plaintiff alleges that defendants England and Mendez engaged in a practice of removing inmate appeals from the mailbox and destroying them. Plaintiff alleges that as a result, his attempts
///

to appeal the denial of shoes were thwarted. Plaintiff alleges that he would have had shoes to wear on the yard if defendants had not interfered with his appeals.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). Section 1983 plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, No. 03-56712, 2007 WL 2445998, *5 (9th Cir. Aug. 30, 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also be setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). Under certain circumstances, the interference with the appeals process might give rise to a claim for denial of access to the courts, but such a claim would accrue only if the interference caused plaintiff to lose his ability to litigate a suit because he was unable to exhaust. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2187 (2002) (claim for denial of access to the courts requires that the plaintiff have suffered an actual injury by being shut out of court). No such circumstance is alleged here, not could it be at this juncture given that it is *this* pending suit that is challenging the failure to provide shoes.

While plaintiff might be able to state a claim against defendants for violation of the Eighth Amendment if they were involved in the deprivation of shoes, he may only do so if defendants

4

"[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837. Plaintiff's second amended complaint is devoid of any facts supporting a claim that in destroying his inmate appeals concerning his need for shoes, defendants acted with deliberate indifference by knowingly disregarding an excessive risk to his health. Therefore, plaintiff fails to state a claim against defendants England and Mendez for violation of his rights under the Eighth Amendment, and the mere interference with the appeals process, as alleged in the complaint, does not violate any of plaintiff's rights under the Constitution.

### C. Conclusion

Plaintiff's complaint states a cognizable claim for relief under section 1983 against defendant Benton for acting with deliberate indifference to plaintiff's medical needs, in violation of the Eighth Amendment. However, plaintiff's complaint does not state a claim under section 1983 against defendants England and Mendez. The court will provide plaintiff one final opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file a fourth amended complaint and is agreeable to proceeding only against defendant Benton, plaintiff may so notify the court in writing, and the court will issue a Findings and Recommendations recommending that defendants England and Mendez be dismissed from this action, and will forward plaintiff one summons and instructions on effecting service of process.

In the event that plaintiff does wish to file a second amended complaint, plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named

defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send plaintiff a civil rights complaint form;

2. Within **thirty (30) days** from the date of service of this order, plaintiff must either:

   a. File a fourth amended complaint curing the deficiencies identified by the court in this order, or

   b. Notify the court in writing that he does not wish to file a fourth amended complaint and wishes to proceed only against defendant Benton on his Eighth Amendment claim; and

3. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

**Dated:    September 10, 2007**              /s/ Sandra M. Snyder
                                              UNITED STATES MAGISTRATE JUDGE