# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL McGRUE, | CASE NO. 1:06-cv-01644-OWW-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS FOLLOWING SCREENING OF FOURTH AMENDED COMPLAINT |
| v. | |
| SHULTZLER, et al., | |
| Defendants. | (Doc. 17) |
| | OBJECTION DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Fourth Amended Complaint**

**I.    Screening Requirement**

Plaintiff Darryl McGrue ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 14, 2006. Now pending before the Court is Plaintiff's fourth amended complaint, filed October 23, 2007.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.    Plaintiff's Claims

The events giving rise to the claims at issue in this action allegedly occurred at California State Prison-Corcoran, where Plaintiff was incarcerated at the time. Plaintiff's claims arise from the failure to provide him with shoes or boots to protect his feet. Plaintiff, who is diabetic, had only shower shoes to wear and he sustained a cut under his toe while on the yard, which became infected and ultimately led to amputation of the toe.

### A.    Medical Care Claims Against Defendants Benton, Pratt, Coleman, and Shultler

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay

2

in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

Plaintiff told Defendant Benton that he was a diabetic and needed shoes to protect his feet while on the yard, but his requests were denied by Defendant multiple times. In October 2005, during the time period he was trying to get shoes from Defendant Benton, Plaintiff sustained a cut to his toe. Plaintiff was seen by Defendant Coleman, who told him it was just a cut and nothing to worry about. Plaintiff continued to complain and was finally given some ointment. In February 2006, Defendant Pratt prescribed antibacterial ointment every day, but Plaintiff's foot became extremely painful and he was given Vicodin for the pain and hospitalized. Plaintiff was seen by Defendant Shultler, who determined that Plaintiff's toe needed to be amputated, against Plaintiff's wishes. The amputation occurred on March 27, 2006.

In light of notice pleading standards, Plaintiff's allegations are sufficient to give rise to a claim against Defendant Benton. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007); Alvarez v. Hill, 518 F.3d 1152, 1157-58 (9th Cir. 2008). However, Plaintiff's disagreement with the treatment he received from Defendants Coleman, Pratt, and Shultler does not support a claim under section 1983. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). The fourth amended complaint is devoid of facts which would support a claim that Defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837.

**B.    Claims Against Defendants English and Mendes**

Plaintiff alleges that Defendants English and Mendes violated his due process rights by throwing away inmates' grievances and through their disposal of the grievances, were responsible for his inability to get his medical complaints investigated.

The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of the Due Process Clause. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Massey v. Helman, 259 F.2d 641, 647 (7th Cir. 2001). Therefore, Plaintiff's allegation that Defendants English and Mendes violated his due process rights by throwing away grievances fails as a matter of law.

3

Further, Plaintiff has not alleged any facts which would support a claim that in throwing away grievances, Defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer, 511 U.S. at 837. Therefore, Plaintiff fails to state an Eighth Amendment claim against Defendants English and Mendes.

### C. Equal Protection Claims Against All Defendants

Plaintiff alleges that all of the defendants acted out of a "longstanding deeply rooted class based discriminatory animus practice against EOP inmates by CDCR employees." (Doc. 17, ¶22; also ¶¶26, 33, 40, 43.)

"The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). "'To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396, 1404 (9th Cir. 1994)) (emphasis in original).

While detailed allegations are not required, a plaintiff must set forth "the grounds of his entitlement to relief[,]" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (internal quotations and citations omitted). In this instance, Plaintiff's equal protection claims are supported by nothing more conclusory legal terminology. As such, Plaintiff fails to state a claim.

### III. Conclusion and Recommendation

Plaintiff's fourth amended complaint states a claim under the Eighth Amendment against Defendant Benton for failing to provide Plaintiff with footwear despite his medical need for it. However, there are no other cognizable claims. Plaintiff has been granted leave to amend twice

4

before and was advised both times of the need to link actions or omissions to the violation of his rights. (Docs. 10, 14.) Based on the allegations in fourth amended complaint, the Court finds that leave to file a fifth amended complaint is not warranted and HEREBY RECOMMENDS that:

1. This action proceed on Plaintiff's fourth amended complaint, filed October 23, 2007, against Defendant Benton for violation of the Eighth Amendment;

2. Plaintiff's other medical care claims, his due process claim, and his equal protection claims be dismissed, with prejudice, for failure to state a claim; and

3. Defendants Coleman, Pratt, Shultler, English, and Mendes be dismissed for failure to state a claim upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 19, 2008**            /s/ Sandra M. Snyder
                                   UNITED STATES MAGISTRATE JUDGE